**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 14, 2019.**



**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| In re<br><br>SH 130 CONCESSION COMPANY, LLC, ZACHRY TOLL ROAD – 56 LP CINTRA TEXAS 56 LLC,<br><br>Debtors. | Case No. 16-10262<br>Case No. 16-10263<br>Case No. 16-10264<br><br>Chapter 11 |
| SH 130 CONCESSION COMPANY, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>CENTRAL TEXAS HIGHWAY CONSTRUCTORS, LLC, FERROVIAL, S.A., FERROVIAL AGROMAN, S.A., FERROVIAL HOLDING U.S. CORP., FERROVIAL U.S. CONSTRUCTION CORP., FERROVIAL AGROMAN U.S. CORP., CINTRA INFRASTRUCTURES, S.E., CINTRA HOLDING U.S. CORP., ZACHRY INDUSTRIAL, INC., AND ZACHRY AMERICAN INFRASTRUCTURE, LLC.<br>Defendants. | Jointly Administered Under Case No. 16-10262-TMD<br><br>Adversary No. 18-01030 |

## **RULE 16 SCHEDULING ORDER**

Pursuant to Rule 16, Federal Rule of Civil Procedure, the Court issues the following scheduling order.

IT IS ORDERED THAT:

**I.    SCHEDULE**

1. The parties shall file all amended or supplemental pleadings and shall join additional parties on or before **August 5, 2019**. *See* L. Rule 7015.

2. All parties asserting or resisting claims for relief shall file and serve on all other parties, but not file, the disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before **February 27, 2019**.

3. The parties shall complete discovery on or before **February 7, 2020**.

4. Plaintiff shall disclose any expert witnesses and accompanying reports as required by Federal Rule of Civil Procedure 26(a)(2) on or before **September 2, 2019**. Defendants shall disclose any expert witnesses and accompanying reports as required by Federal Rule of Civil Procedure 26(a)(2) on or before **November 4, 2019**. Any rebuttal reports offered under Federal Rule of Civil Procedure 26(a)(2)(d) shall be disclosed within 30 days after the other party's disclosure. All motions regarding the admissibility of expert witness testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), shall be filed and served on all other parties on or before **April 6, 2020**.

5. All dispositive motions shall be filed and served on all other parties on or before **March 6, 2020**. *See* L. Rule 7007(a) for the definition of dispositive motions and page limits, which may be subject to change by further order of the Court. Responses shall be filed and served on all other parties not later than 21 days of the service of the motion. *See* L. Rule 7007(b)(2). Any replies shall be filed and served on all other parties not later than 7 days of the

service of the response, but the Court need not wait for the reply before ruling on the motion. *See* L. Rule 7007(c).

6. Motions other than Fed. R. Bankr. P. 12 or 56 are governed by L. Rule 7007, 9013, and 9014 where applicable. **All motions other than Fed. R. Bankr. P. 12 or 56 in this adversary proceeding, unless unopposed, require the filing of a written response within 14 days, or the motion may be granted without a hearing**

7. Docket call for trial is for **May 19, 2020**. Parties will be required to discuss at docket call any objections to the use of deposition testimony and stipulations regarding the use of experts for trial.

8. A Joint Pre-Trial Order and proposed findings of fact and conclusions of law are due 7 days before docket call. Counsel shall exchange proposed Pre-Trial Orders 21 days before docket call, including proposed exhibits (other than cross-examination and impeachment exhibits) and witness lists. If counsel cannot agree on a Joint Pre-Trial Order, counsel shall file separate Pre-Trial Orders on or before the deadline. Any briefs to be considered by the Court at trial shall be filed contemporaneously with the pretrial order, but as a separate document with service on all counsel. *See* L. Rule 7016(c), (d), and (f).

9. Exhibits and witness lists are to be included with the Joint Pre-Trial Order. See L. Rule 7016(c). Tabbed and marked copies of the exhibits shall be provided to each Party not less than 10 days before trial. *See* L. Rule 7016(g)(2). This requirement does not include exhibits used solely for impeachment. In addition, counsel are encouraged to present and provide electronic versions of exhibits where practicable. Use and presentation of electronic exhibits should be coordinated through the courtroom deputy.

10. Counsel are reminded that, with regard to any paper that is filed, compliance with

Fed. R. Civ. P. 5.2 is mandatory. As such, counsel should ensure that appropriate redactions are made.

11. This Scheduling Order does not specifically address the discovery of electronically stored information (ESI). The parties will jointly submit a separate agreement governing the discovery of ESI in this adversary proceeding.

12. Counsel residing outside the State of Texas may designate local counsel in writing, giving the street address, telephone number and mailing address. The designation shall be filed with the Clerk of the Court in this proceeding, and a copy shall be sent to all other counsel of record in this proceeding. This provision may be waived by the Court upon motion of counsel and service upon other parties.

13. All discovery must be commenced and completed by the discovery deadline provided in this Order.

    a. Designation of experts shall be an issue at any pretrial conference.

    b. Counsel are encouraged to resolve discovery disputes by agreement. Motions to compel, motions for protective orders and similar motions, while not prohibited, may result in sanctions being imposed on the losing party or both parties as provided in Fed. R. Bankr. P. 7037 & 9011 or 28 U.S.C. § 1927, if a hearing is required thereon.

    c. All discovery shall be commenced at a time which allows for the full response time provided by applicable rules on or before the discovery deadline. E.g., if the discovery deadline is July 15, interrogatories must be actually delivered on or before June 15 in order to allow thirty days for answers. If the interrogatories are mailed, then they must be mailed on or

before June 12, pursuant to Fed. R. Bankr. P. 9006(f), to allow three additional days for service by mail. Notwithstanding the foregoing, unopposed discovery may continue after the deadline for discovery contained in this scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. *See* L. Rule 7016(a).

14. The Court may, upon motion and for cause shown, extend, reduce, or otherwise modify the deadlines set out in the Scheduling Order. Mere agreement of the parties to such extensions or modifications is not of itself sufficient cause.

15. Counsel and unrepresented parties must confer prior to the date the Pre-Trial Order is required to be filed, to fully explore the possibility of settlement, to stipulate to matters not in dispute, and to simplify the issues. The Pre-Trial Order shall contain a certificate to the effect that the conference of counsel has been held. Counsel must also confer in an effort to determine whether the original time estimate for trial is correct or should be revised. If the parties wish to have a pre-trial conference with the Court, a pre-trial conference should be requested as early as possible. *See* L. R. 7016(b). Docket call is set on the docket call date provided in the scheduling order. The matters to be considered by the Court at docket call include but are not limited to:

    a. Any objections to the use of deposition testimony and stipulations regarding the use of experts for trial. *See* App'x L-7016.

    b. Date, time and place of trial following docket call.

    c. Properly and timely-filed motions for continuance or for default judgment.

    d. Motions not previously ruled on under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.

        e.        Settlement announcements.

Failure to attend docket call may result in dismissal or rendition of final judgment. You may, however, authorize any member of the Bar of this Court, including opposing counsel, to make an appearance on your behalf at docket call, if there are no contested motions for continuance, motions for default judgment or motions under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.

# # #